JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JARIS BOWDEN and JARIS BOWDEN as parent and natural guardian of RMJ, a minor

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Christopher R. Wuyts, United States of America

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 USC Section 1346(b)(1)

Brief description of cause: Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 11/12/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Market Street/West Chester Pike, Upper Darby Twp, PA

***RELATED CASE IF ANY:*** Case Number: N/A Judge: ____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- [X] 16. All Other Federal Question Cases. *(Please specify)*: Personal Injury under 28 USC Section 1346(b)(1)

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*): ____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* ____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / XX **does not** have implications beyond the parties before the court and ☐ **does** / XX **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[XX] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARIS BOWDEN<br>200 Ashby Road, Apartment B<br>Upper Darby, Pennsylvania 19082<br>and<br>JARIS BOWDEN, as parent and natural Guardian of RMJ, a minor,<br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER R. WUYTS<br>1397 Carver Way<br>West Chester, Pennsylvania 19380<br>and<br>UNITED STATES OF AMERICA<br>c/o United States Attorney General<br>10th Street NW & Constitution Avenue<br>Washington, DC 20530,<br>Defendants. | : | CIVIL ACTION<br><br>No. |

**COMPLAINT IN CIVIL ACTION**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346(b)(1), which grants the District Court exclusive jurisdiction over civil actions against the United States seeking money damages for personal injuries caused by the negligent acts or omissions of any employee of the Government while acting within the scope of their office or employment.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the alleged acts or occurrences leading to plaintiffs' injuries occurred within Upper Darby Township in the County of Delaware, in the Commonwealth of Pennsylvania.

## PARTIES

3. Plaintiff, Jaris Bowden, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

4. Plaintiff, RMJ, a minor, by and through his parent and natural guardian, Jaris Bowden, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

5. Defendant, Christoper R. Wuyts, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint, and who at all times material hereto was the owner and operator of a 2017 Dodge Durango.

6. Defendant, United States of America ("USA"), with a registered business address listed as in the caption of this Complaint, operates the United States Marshals Service, which is a federal agency of the executive branch of the United States Government, which was, at all relevant times, doing business in the Commonwealth of Pennsylvania, and which at all times material hereto was the employer or otherwise legally responsible for the actions of Christopher R. Wuyts, its employee or agent.

7. At all times material hereto, defendant, USA, was acting individually, jointly and/or by and through defendant's agents, servants, workmen and/or employees, including the defendant, Christopher R. Wuyts, who was operating the 2017 Durango, within the course and scope of his employment.

## FACTS

8. On or about May 2, 2025, plaintiffs were injured as a result of the negligence and/or carelessness of the defendants, when the defendants' vehicle disregarded a red traffic signal while

traveling westbound on Market Street/West Chester Pike in Upper Darby Township, causing a collision with plaintiff's 2003 Jeep Cherokee.

9. As a result of this accident, plaintiffs have suffered severe and permanent bodily injuries which are most fully set forth below.

## COUNT I

**Jaris Bowden v. Christopher R. Wuyts and United State of America**
**Personal Injury**

10. Plaintiffs hereby incorporate by reference the averments contained within Paragraph Nos. 1 through 9 above, as though same were set forth more fully at length herein.

11. The negligence and carelessness of the defendants consisted of the following:

(a) Failing to have the defendants' vehicle under proper and adequate control;

(b) Operating the vehicle at an excessive rate of speed;

(c) Operating the vehicle without due regard for the rights, safety, and position of the plaintiff's vehicle;

(d) Operating the vehicle in a dangerous and unsafe manner;

(e) Failing to maintain a proper lookout;

(f) Failing to adequately pay attention to the surrounding circumstances controlling the area of the accident;

(g) Driving too fast for conditions;

(h) Driving in a careless manner;

(i) Failing to keep a safe distance ahead;

(j) Failing to yield the right of way;

(k) Failing to maintain a proper stopping distance;

(l) Failing to abide by traffic control devices;

(m) Failing to drive a vehicle without having the proper license and/or training;

(n) Violating various provisions of the Pennsylvania Motor Vehicle Code; and

(o) Violating statues of the Commonwealth of Pennsylvania pertaining to operation of motor vehicles upon the public highways.

12. Solely as a result of the defendants' negligent and careless conduct, plaintiff, Jaris Bowden, has suffered, yet suffers, and may in the future suffer injuries which are serious, severe, and permanent in nature, which include but are not limited to, cervical spine injuries, cervical/lumbar/thoracic disc protrusions/herniations/bulges, neck and back pain and issues, and plaintiff may well have suffered injury to his body, upper and lower extremities, and internally into his nerves and nervous system, as well as possible aggravation, acceleration, exacerbation, or activation of any pre-existing illness or illnesses or conditions which he may have had.

13. As a result of the aforesaid, plaintiff, Jaris Bowden, has been and may in the future be required to expend various sums of money for medical care and treatment in an endeavor to effectuate treatment and care of the aforesaid injuries and/or such other items of expense which have been incurred or which will be incurred and ascertained in the future.

14. As a result of the aforesaid, plaintiff, Jaris Bowden, suffered severe physical and emotional pain, mental anguish, and humiliation and may continue to so suffer for an indefinite time into the future.

15. As a result of the aforesaid, plaintiff, Jaris Bowden, has been and may in the future be required to expend various sums of money for such other items of expense which either have been incurred but not yet documented or which are to be incurred and ascertained in the future.

16. As a result of the aforesaid, plaintiff, Jaris Bowden, has suffered a loss of earnings and/or loss of earnings capacity.

WHEREFORE, plaintiff, Jaris Bowden, respectfully requests this Honorable Court enter judgment in his favor and against the defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including costs and compensation for delay.

## COUNT II

**Jaris Bowden, as Parent and Natural Guardian of RMJ, a minor v. Christopher R. Wuyts and United State of America**
**Personal Injury**

17. Plaintiffs hereby incorporate by reference the averments contained within Paragraph Nos. 1 through 16 above, as though same were set forth more fully at length herein.

18. The negligence and carelessness of the defendants consisted of the following:

(a) Failing to have the defendants' vehicle under proper and adequate control;

(b) Operating the vehicle at an excessive rate of speed;

(c) Operating the vehicle without due regard for the rights, safety, and position of the plaintiff's vehicle;

(d) Operating the vehicle in a dangerous and unsafe manner;

(e) Failing to maintain a proper lookout;

(f) Failing to adequately pay attention to the surrounding circumstances controlling the area of the accident;

(g) Driving too fast for conditions;

(h) Driving in a careless manner;

(i) Failing to keep a safe distance ahead;

(j) Failing to yield the right of way;

(k) Failing to maintain a proper stopping distance;

(l) Failing to abide by traffic control devices;

(m) Failing to drive a vehicle without having the proper license and/or training;

(n) Violating various provisions of the Pennsylvania Motor Vehicle Code; and

(o) Violating statues of the Commonwealth of Pennsylvania pertaining to operation of motor vehicles upon the public highways.

19. Solely as a result of the defendants' negligent and careless conduct, plaintiff, RMJ, has suffered, yet suffers, and may in the future suffer injuries which are serious, severe, and permanent in nature, which include but are not limited to, anxiety, depression, cervical spine injuries, cervical/lumbar/thoracic disc protrusions/herniations/bulges, neck and back pain and issues, and plaintiff may well have suffered injury to his body, upper and lower extremities, and internally into his nerves and nervous system, as well as possible aggravation, acceleration, exacerbation, or activation of any pre-existing illness or illnesses or conditions which he may have had.

20. As a result of the aforesaid, plaintiff, RMJ, has been and may in the future be required to expend various sums of money for medical care and treatment in an endeavor to effectuate treatment and care of the aforesaid injuries and/or such other items of expense which have been incurred or which will be incurred and ascertained in the future.

21. As a result of the aforesaid, plaintiff, RMJ, suffered severe physical and emotional pain, mental anguish, and humiliation and may continue to so suffer for an indefinite time into the future.

22. As a result of the aforesaid, plaintiff, RMJ, has been and may in the future be required to expend various sums of money for such other items of expense which either have been incurred but not yet documented or which are to be incurred and ascertained in the future.

WHEREFORE, plaintiffs, Jaris Bowden, as parent and natural guardian of RMJ, a minor, respectfully requests this Honorable Court enter judgment in his favor and against the defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including costs and compensation for delay.

**COUNT III**

**Jaris Bowden v. Christopher R. Wuyts and United State of America**
**Property Damage**

23. Plaintiffs hereby incorporate by reference the averments contained within Paragraph Nos. 1 through 22 above, as though same were set forth more fully at length herein.

24. As a result of defendants' negligence and carelessness, plaintiff, Jaris Bowden, suffered damages to his motor vehicle, which defendants are responsible for.

WHEREFORE, plaintiffs, Jaris Bowden, respectfully requests this Honorable Court enter judgment in his favor and against the defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including costs and compensation for delay.

D. SCOTT BONEBRAKE, Esquire (#76341)
Noel and Bonebrake
25 East Second Street
Media, Pennsylvania 19063
(610) 892-7700
Email: sbonebrake@noelandbonebrake.com
Attorney for Plaintiffs

# VERIFICATION

I, JARIS BOWDEN, verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to answers falsified to authorities.

JARIS BOWDEN

BOWDEN et al. v. WUYTS et al.
USDC, ED PA

## VERIFICATION

I, JARIS BOWDEN, as parent and natural guardian of RMJ verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to answers falsified to authorities.

JARIS BOWDEN, as parent and natural guardian of RMJ

BOWDEN et al. v. WUYTS et al.
USDC, ED PA